UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DREHER,

    Plaintiff,                                Hon. Hala Y. Jarbou

v.                                                      Case No. 1:20-cv-1167

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security regarding Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her

decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 39 years old on his alleged disability onset date. (ECF No. 10-5, PageID.224). He successfully completed high school and worked previously as a cannery worker, material handler, light truck driver, pin setter mechanic, telephone solicitor, roofer, and dough mixer. (ECF No. 10-2, PageID.58-59). Plaintiff applied for benefits on January 24, 2019, alleging that he had been disabled since December

26, 2018, due to ADD, chronic back pain, hypertension, Inflammatory Bowel Syndrome (IBS), and "skin surgery." (ECF No. 10-5, 10-6, PageID.224-32, 259).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 10-3, 10-4, PageID.127-222). Following an administrative hearing, ALJ Cynthia Harmon, in an opinion dated March 26, 2020, determined that Plaintiff did not qualify for disability benefits. (ECF No. 10-2, PageID. 49-61, 74-125). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.40-44). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits, and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age,

education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: degenerative disc disease of the lumbar spine, obesity, attention deficit hyperactivity disorder (ADHD), Tourette's syndrome, obsessive compulsive disorder (OCD), and bipolar disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.51-53).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) during an eight-hour workday, he can stand/walk and sit for four and six hours, respectively; (2) he can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (3) he can occasionally stoop, kneel, crouch, and crawl; and (4) he can perform simple, routine tasks which do not involve complex

decision making/judgment, assembly line production, or more than occasional workplace changes. (ECF No. 10-2, PageID.53).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there are approximately 280,000 jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 10-2, PageID.113-24). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.    The ALJ Properly Evaluated Plaintiff's Impairments

Plaintiff first argues that he is entitled to relief because the ALJ failed to find that his Inflammatory Bowel Syndrome (IBS) constituted a severe impairment. At step two of the sequential disability analysis, the ALJ must determine whether the claimant suffers from a severe impairment. A severe impairment is defined as one which "significantly limits" an individual's "ability to do basic work activities." 20

C.F.R. §§ 404.1520(c), 416.920(c).   Furthermore, where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering her decision.   *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kestel v. Commissioner of Social Security*, 756 Fed. Appx. 593, 598 (6th Cir., Nov. 29, 2018) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error").

With respect to Plaintiff's IBS, the ALJ stated:

> The record reflects minimal direct treatment with directive to manage his symptoms with diet (Exhibit 1F).  He has not required inpatient treatment, emergent care, and the record does not reflect updated imaging or referral to specialists.  During a recent examination, the claimant did not allege ongoing symptoms or limitations, which would significantly affect his ability to engage in work related activities (Exhibit 13F/4).   I do not find the claimant's IBS/chronic diarrhea of unknown origin is a severe impairment.

(ECF No. 10-2, PageID.51).

Plaintiff argues that the "record as a whole contradicts the ALJ's assessment." But the only "evidence" to which Plaintiff cites is his own subjective allegations, which, as the ALJ correctly noted, are not supported by objective medical evidence. A 2018 gastroenterology examination revealed "no alarm signs" and concluded that Plaintiff's IBS symptoms could be treated through diet modification.   (ECF No. 10-

7, PageID.310-11).  A review of the medical record reveals that Plaintiff only rarely identified IBS as a concern.  (ECF No. 10-7, 10-8, PageID.329-579).  Moreover, when Plaintiff did reference the subject, his care providers instructed him to simply modify his diet.   (ECF No. 10-7, PageID.341, 345).

In sum, Plaintiff has failed to meet his burden to establish that his IBS symptoms significantly limit his ability to perform basic work activities.  Moreover, the ALJ's rationale for finding such to not be a severe impairment is consistent with the record and supported by substantial evidence.  Furthermore, even if the ALJ erred in failing to find Plaintiff's IBS was a severe impairment, such failure is harmless.  The ALJ considered the entire record and there is no evidence that Plaintiff's IBS limits him to a degree greater than the ALJ recognized in her RFC assessment.  This argument is, therefore, rejected.  *See Kestel v. Commissioner of Social Security*, 756 Fed. Appx. 593, 598 (6th Cir., Nov. 29, 2018); *see also*, *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality").

## II. Plaintiff's Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on

a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). The ALJ found that Plaintiff retained the ability to perform a limited range of light work. Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to sufficiently account for the following: (1) his IBS symptoms; (2) his inability to stand/walk for longer than ten minutes at one time, which necessitates that he be afforded a sit/stand option; (3) limitations with neck flexion, rotation, and extension; and (4) being off task and/or absent from work.

An examination of the medical record reveals that the ALJ's RFC finding is supported by substantial evidence. Physical examinations, as well as the results of objective medical testing, revealed findings and conclusions belying Plaintiff's argument that he cannot stand/walk for longer than ten minutes or experiences work-preclusive limitations in his ability to flex, rotate, or extend his neck. (ECF No. 10-7, 10-8, PageID.317-18, 331, 344-45, 391, 397, 400-05, 428-35, 466-74, 512, 518-19, 521-24, 540, 558, 562, 577). Moreover, care providers instructed Plaintiff to exercise regularly, an instruction with which Plaintiff reported "occasional" compliance. (*Id.,* PageID.330, 333, 338, 341, 343, 345, 511, 564, 567, 572, 575).

As already discussed, there is no evidence in the record that Plaintiff's IBS symptoms limit Plaintiff more than the ALJ recognized. Finally, the record does not support Plaintiff's argument that he would experience absenteeism or difficulty concentrating to a degree that is work-preclusive or is otherwise inconsistent with the ALJ's RFC assessment.

The Court recognizes that Plaintiff experiences severe impairments that limit his ability to function. The ALJ accounted for them in her RFC assessment and such is supported by substantial evidence. Plaintiff's argument to the contrary is that the ALJ should have weighed the evidence differently, which is not a basis for relief. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: March 4, 2022  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge